Eoed, J.
William Boyle recovered judgment in the Court of Oommbn Pleas, for the county of Morris, against the executors of Sarah Hedges, deceased, upon a promissory. *85 note against the testatrix, and on a subsequent book account against her for medicine and attendance. The executors took a bill of exceptions on the trial, and assign for error ; that the note was permitted to go in evidence to the jury without proof of its having been executed by the testatrix. ■On examining the bill of exceptions, it appears otherwise. The boy who made a mark for his name as instrumental witness, swore distinctly to the identity of the instrument, to his knowledge and remembrance of the mark, and to the .signature oí the testatrix in his presence; he says the testatrix sent him into another room for paper to draw the note upon, and that she made him read it over loud to her after she had executed it. On this the court ordered the note to be read in evidence, and very properly left the jury to judge of the credit of the witness.
They further assign for error, that the court rejected two persons, offered as witnesses on behalf of the executors. These persons wore legatees of specific parts of the moveable property; and also devisees, having contingent, remainders in a considerable part of the real estate; and, in case the estate should not be sufficient to pay their legacies, the will directed that each legatee should receive only a proportionate part: the debts might be sufficient to absorb the whole personal and real estate, and thereby would defeat them of their legacies; and the debt in dispute was a large demand, far exceeding eleven hundred dollars ; the witnesses had therefore an immediate and strong interest in both branches of the estate, which would naturally influence them to guard and defend it against being impaired and diminished by persons calling themselves creditors. The case was likened to the remote interest of a parishioner liable to be rated for support of the poor, and others of that description, to which it bears no resemblance, .as the pauper may die, or the parishioner remove his domicil; but this interest is near and immediate. The record ^ of a creditor’s recovery is good evidence against *86 these legatees to impair the amount of their legacies, or wholly to defeat them. And the release of the executors cannot discharge the lien which is given to creditors on both the real and personal estate, for payment of debts; nothing but a sale can discharge it; therefore I do not consider these, legatees competent witnesses to invalidate demands against property in which' they have an immediate interest, and that the court committed no error in refusing them.
Another error assigned depends on the third section of the act of February 10, 1818, whereby a physician is required to deliver his account, or “ bill of particulars, in plain English words, or as nearly so as the articles will admit.” This account was received in evidence, and yet it does not seem to have been made out in conformity to the statute, for it abounds with eontraetions, initials and symbols, that are not words, and at any rate are not English words ; and for this error I am of opinion that the judgment must be reversed.
Bossell, J., concurred.
Judgment reversed.
N. B. The Chief Justice was not present at the argument of the cause, and gave no opinion.